UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

Martin Lee Pahl                                    Case No.
Michelle L. Pahl                                   Chapter 13
                                                   Honorable

Debtor(s)

**DEBTOR(S) ORIGINAL PRE-CONFIRMATION CHAPTER 13 PLAN INCLUDING VALUATION OF COLLATERAL AND CLASSIFICATION OF CLAIMS DATED JULY 15, 2009**

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan must file a timely written objection. This Plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate notice you should have or will receive from the Court.

## I. DEFINITIONS

The terms used in this Plan shall be defined as set forth in the United States Bankruptcy Code.

The term "Debtor" shall also refer to the person or persons who filed the Petition in this case.

Unless otherwise noted, all statutory references below are to Title 11 of the United States Code.

Unless otherwise noted, all references to "Court" are to "The United States Bankruptcy Court for the Western District of Michigan".

## II. RELEVANT INFORMATION

A. Prior bankruptcies pending within one year of the petition date for this case:

   CASE NO. & CHAPTER          DISCHARGE OR DISMISSAL/CONVERSION          DATE

B. The Debtor(s): ☒ is eligible for a discharge; or
                  ☐ is not eligible for a discharge and is not seeking a discharge

C. Length of time living in State of Michigan: ☒ 10+ years or ☐ ____ months
   Length of time within District: ☒ more than 180 days or ☐ at least 91 days

D. Debtor(s) is claiming exemptions: ☒ Federal exemptions
                                     ☐ State of Michigan exemptions
   Nature of Debtor(s) debt is: ☒ consumer or ☐ business

E. Pursuant to the Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income the applicable Commitment Period is ☒ 36 months or ☐ 60 months. The current monthly income of the Debtor(s), as reported in the Statement of Currently Monthly Income and Calculation of Commitment Period and Disposable Income is ☒ below or ☐ equal to or ☐ above the applicable median income for a family of 4.

F. Debtor employer address: ,
   Joint Debtor employer address: ,

G. All tax returns which have become due prior to the filing of this case have been filed, except as follows:   None

H. Insurance in an amount to protect liens of Creditors holding secured claims is currently in effect or will be obtained and

will be kept in force throughout the period of the Plan and the policies will be endorsed to provide a clause making the applicable Creditor a loss payee of the policy.

| CREDITOR | COLLATERAL COVERED | INSURANCE COMPANY, POLICY NO., AND AGENT NAME, ADDRESS AND TELEPHONE NO. |
|---|---|---|
| AmTrust Bank Ocwen Loan Servicing | Residence | Michigan Millers Ins.., Policy No.: HO21926202 Dale Hubbs Ins., Inc., PO Box 7 Greenville, MI 48838 Telephone No.: 616/754-9359 |
| MI One Credit Union | Vehicle | Citizens Ins. Co., Policy No.: 82AGI5286738 Dale Hubbs Ins., Inc., PO Box 7 Greenville, MI 48838 Telephone: 616/754-9359 |

The Debtor(s) owes or anticipates owing a Domestic Support Obligation as defined in 11 USC §101(14A). Notice should be provided to these parties in interest:

Parent(s), address and telephone no.: None

Government agency: None

Assignee or other: None

The Debtor(s): ☐ has provided the Trustee with the telephone number of the Domestic Support Obligation recipient, or
☐ cannot provide the telephone number because it is not available

## III. GENERAL PROVISIONS

### A. PLAN PAYMENT

The Debtor shall submit all or such portion of the Debtor's future income to the control of the Trustee as is, or may be necessary for the execution of the Plan. The Debtor(s), or the Debtor's employer shall pay to the Trustee the sum of $713.85 per month.

At the discretion of the Debtor, this monthly obligation may be paid in weekly, bi-weekly or semi-monthly installments, in such sums that are necessary to equal the monthly obligation. Pursuant to Local Rule 3015(a), the Debtor shall submit all disposable income directly to the control and supervision of the Trustee. If the Debtor becomes 30 days delinquent in making payments under the Plan, the Trustee may submit a payroll to the Clerk with an appropriate affidavit, with copies to the Debtor and Debtor's counsel, and the Court may enter the payroll order without further hearing. The Debtor shall notify the Trustee and Debtor's counsel immediately of any change of employment until the Plan is completed.

*PURSUANT TO 11 USC §1326 THE DEBTOR SHALL COMMENCE MAKING PAYMENTS NOT LATER THAN 30 DAYS AFTER THE DATE OF THE FILING OF THE PETITION FOR RELIEF.*

### B. LIQUIDATION TEST

The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value, as of the Petition date, of the amount that would be paid on such a claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

C. **DISPOSABLE INCOME AND TAX REFUNDS**

If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, the Debtor agrees to pay into the Plan all disposable income as defined in 11 USC §1325(b)(2) for a period of not less than the Applicable Commitment Period or completion of the Plan, including but not limited to: income tax refunds starting with 2009 tax refunds, property tax credits, gambling winnings, inheritances, judgments and settlements, received during that period. The Debtor agrees to maintain the same level of exemptions as when the case was filed except as dictated by a change in the dependency allowance(s) and/or marital status. The Trustee has the discretion to modify the percentage/base amount to be distributed to the allowed general unsecured creditors but only after providing notice to the Debtor(s) and Debtor'(s) Counsel of the proposed modification and providing the Debtor(s) an opportunity and right to object to any modification and request a Hearing before the Court.

D. **BALLOON PAYMENT**

The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation. Claims allowed for post-petition debts incurred by the Debtor(s) may be paid in full and in such order as determined by the Trustee. This provision is not in lieu of or a substitute for regular Plan payments.

E. **VESTING OF ESTATE PROPERTY**

Upon confirmation of the Plan, pursuant to 11 USC §1327(b), all property of the estate shall vest in the Debtor, except for: (i) the future earnings of the Debtor; (ii) additional disposable income as defined above; and (iii) other property necessary to the Plan, including personal and real property as defined in the Plan and any associated insurance proceeds which may be used by the Debtor, with Court approval, to purchase replacement collateral. 11 USC §348(f)(1) remains effective in the event of a conversion to another chapter. The Debtor(s) shall bear the responsibility to insure all real estate, vehicles and other property of the estate. The Trustee shall have no responsibility to insure property of the estate. All secured creditors shall retain the liens securing their claims subject to the avoidance powers of the Debtor(s) granted herein and provided the Debtor(s) retain possession of the collateral and unless otherwise stated. The Debtor(s), to the extent permitted under the Bankruptcy Code, shall have standing to commence turnover actions under 11 USC §542, to assert strong-arm powers under 11 USC §544, to avoid statutory liens under 11 USC §545, to recover preferences under 11 USC §547 and /or to avoid fraudulent conveyances under 11 USC §548, and/or sell the estate's interest and interest of any co-owner pursuant to 11 USC §363(h) and in furtherance thereof commence adversary proceedings. The Trustee shall have lien avoidance powers provided by theBankruptcy Code.

F. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT AND DISPOSAL OF PROPERTY**

During the term of this Plan, the Debtor(s) shall not incur post-petition debts in excess of $1,000.00 without first obtaining approval from the Court and may not dispose of any non-exempt real or personal property with a value greater than $1,000.00 without first obtaining the consent of the Court pursuant to 11 USC §364.

G. **FILING PROOFS OF CLAIMS**

The Trustee shall only distribute payments, including adequate protection payments, to Creditors who have filed proofs of claim, including adequate proof of security, with the Court that are deemed allowed pursuant to 11 USC§502(a). However, if a Creditor does not file a timely proof of such Creditor's claim, then either the Debtor or the Trustee may file such a claim as provided for by 11 USC §501(c) and in that event such claim shall be deemed the claim for all purposes under the Plan. If the Plan provides for the Debtor to make payments directly, then the failure of the Creditor to file a proof of claim does not excuse the Debtor from making the required payments. If the Debtor is to make direct payments to a Creditor, those payments must be paid pursuant to the terms of the contract regardless of whether the Plan is confirmed. However, if the Trustee is to pay any portion of a claim, then it is necessary for the Creditor to file a proof of claim to receive the portion of the claim to be paid through the Trustee's office. The Trustee will distribute to creditors, absent other orders of the Court, based upon the confirmed Plan, filed and allowed proofs of claim, and the notice to allow claims and any subsequent notices to allow additional adjusted or amended claims. The Trustee shall mail payments to the address provided on the proof of claim unless the claimant provides another address in writing where payments are to be sent If the claim is assigned or transferred, the Trustee shall continue to remit to the original claimant until an assignment or transfer of claim is filed with the Court. The Trustee shall not continue to make payments to any Creditor with a filed and allowed claim after an order granting relief from the stay is entered, or the stay is otherwise not in effect. The Trustee shall also cease making payments after an objection is filed to the claim and an order is entered disallowing the claim, or the Creditor advises the Trustee in writing to cease making payments to it.

**H.    UNSCHEDULED CREDITORS FILING PROOFS OF CLAIM**

If a Creditor's claim is not listed in the schedules, but the Creditor nevertheless files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under the Plan and to repay the claim within the class, unless an objection is filed and the claim is reclassified or disallowed.

**I.    ALLOWANCE OF LATE FILED PROOFS OF CLAIM**

If a Creditor is not originally listed on the schedules, the Debtor(s) may amend the schedules to add the Creditor at any time prior to the closing of the case.  If a proof of claim is filed for such omitted Creditor within 90 days of notice of the case to the Creditor and before the case is closed, the Trustee shall pay the claim as an unsecured claim.  If the claim is to be treated other than an unsecured claim the Debtor(s) will amend the Plan and file a proper motion and a hearing will be held on the allowance of the Plan amendment.

**J.    PLAN REFUNDS**

The Trustee may, in the exercise of its duties, to assist the Debtor in the performance under the Plan, grant reasonable refunds to the Debtor from the funds paid to the Trustee but not distributed to the Creditors, to meet emergency situations which may arise during the course of the Plan.  The Plan duration shall be extended to the extent necessary to repay all refunds granted.

**K.    TRUSTEE'S AVOIDANCE POWERS**

The Debtor(s) acknowledges that both pre and post confirmation the Trustee has certain avoidance powers pursuant to §544, §545, §547, §548, §549, and §550 of the Bankruptcy Code.  The Debtor(s) acknowledges that any action(s) brought by the Trustee, either pre or post confirmation, pursuant to these avoidance powers is preserved for the benefit of the estate pursuant to §551 of the Bankruptcy Code.  The Trustee may bring any avoidance action with the period of time set forth in §546 of the Bankruptcy Code.

**L.    EFFECTIVE DATE OF PLAN**

The effective date of this Plan shall be the date of entry of the Order of Confirmation.

**M.    ACCEPTANCE OF PLAN**

Any Creditor's failure to object to confirmation of this Plan, as currently filed or subsequently amended, shall constitute the Creditor's acceptance of this Plan and the Creditor's treatment of its claim by this Plan, pursuant to 11 USC §1325(a)(5)(A).

**N.    EXCEPTIONS TO DISCHARGE**

Any Creditor who intends to assert that a claim is non-dischargeable based on 11 USC §523(a)(2) or 11 USC §523(a)(4) shall have 60 days to file an Adversary Proceeding after the first date set for the meeting of creditors.  Failure to file such action shall bar the Creditor from asserting a non-dischargeability claim in the future.

**O.    PRESERVATION OF CLAIMS**

Confirmation of this Plan shall constitute a finding that the Debtor(s) does not waive, release or discharge by rather retain and reserve for the Debtor(s) and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that Debtor(s) could or might by law assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law, including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising our of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

**P.    RELEASE OF SECURITY INTERESTS**

Upon the completion of payments under the terms of this Plan, as amended, satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other item of personal property of this estate in bankruptcy for which a secured party is listed as such on, or has possession of the certificate of title, the secured party shall within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on said title or certificate,

in the space provided therefore on the title or certificate, or as the Secretary of State prescribes, and mail or deliver the certificate or title and release to the Debtor(s). Confirmation of this Plan shall impose an affirmative and direct duty on each such secured party to comply with this provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such Creditor consents to such jurisdiction by its failure to file any timely objection to this provision of the Plan. Such enforcement proceeding may be filed by the Debtor(s) in this case after entry of the Discharge Order and either before or after the closing of this case. The Debtor(s) specifically reserve the right to file a motion to reopen this case pursuant to 11 USC §350 of the Bankruptcy Code to pursue the rights and claims provided for herein. Further, the Debtor(s) will be entitled to collect the actual attorney fees and costs incurred as the result of this enforcement action from the Creditor.

**Q.    DEBTOR(S) FILING REQUIREMENTS**
The Debtor(s) shall, until the case is closed, provide the Trustee with a copy of the Federal and State tax returns filed by the Debtor(s) or an explanation why tax returns are not required to be filed. The Debtor(s) shall also, no later than 45 days before the anniversary date of confirmation, file a statement of the income and expenditures of the Debtor(s) during the tax year of the Debtor(s) most recently concluded before such statement is filed and the statement shall show how income, expenditures and monthly income are calculated. If the Debtor(s) is required to pay pursuant to a Domestic Support Obligation, the Debtor(s) shall, for the duration of the Plan, during the anniversary month of confirmation, file with the Trustee an update of the required information regarding the Domestic Support Obligations and the status of the required payments. At the time the final Plan payment is submitted to the Trustee, the Debtor(s) shall file with the Court certification that all amounts payable under the Domestic Support Obligation that were due on or before the date of certification have been paid.

**R.    DEBTOR(S) ENGAGED IN BUSINESS**
If the Debtor(s) is self-employed and incurs some trade credit in the production of income from such self employment or has employees, the Debtor(s) will comply with 11 USC §1304(b) and (c) regarding operation of the business and duties imposed on the Debtor(s) which are incorporated herein by reference. Further, the Debtor(s) shall comply with the provisions of the Definitive Order entered by the Court, including but not limited to, the filing with the Trustee such business reports, income tax returns, and any other such documentation regarding the operation of the business as may be required by the Trustee on a monthly basis or otherwise.

**S.    FILING PROOFS OF CLAIMS AND PAYMENTS BY TRUSTEE**
The Trustee shall only distribute payments, including adequate protection payments, to Creditors who have filed proofs of claim, including adequate proof of security, with the Court that are deemed allowed pursuant to 11 USC §502(a).
However, if a Creditor does not file a timely proof of such Creditor's claim, then either the Debtor(s) or the Trustee may file such a claim as provided for by 11 USC §501(c) and in that event such claim shall be deemed the claim for all purposes under the Plan. If the Plan provides for the Debtor(s) to make payments directly, then the failure of the Creditor to file a proof of claim does not excuse the Debtor(s) from making the required direct payments. If the Debtor(s) is to make direct payments to a Creditor, those payments must be paid pursuant to the terms of the contract regardless of whether the Plan is confirmed. However, if the Trustee is to pay any portion of a claim, then it is necessary for the Creditor to file a proof of claim to receive the portion of the claim to be paid through the Trustee's office. The Trustee will distribute to Creditors, absent other orders of the Court, based on the confirmed plan, filed and allowed proofs of claim, and the notice to allow claims and any subsequent notices to allow additional, adjusted or amended claims.

The Trustee shall mail payments to the address provided on the proof of claim unless the claimant provides another address in writing for payments to be sent. If the claim is assigned or transferred, the Trustee shall continue to remit to the original claimant until an assignment or transfer of claim is filed with the Court. The Trustee shall not continue to make payments to any Creditor with a filed and allowed claim after an order granting relief from the stay is entered; or the stay is otherwise not in effect. The Trustee shall also cease making payments after an objection is filed to the claim and an order is entered disallowing the claim; or the Creditor advises the trustee in writing to cease making payments to it.

## IV. CLASSIFICATION AND PRIORITY OF PAYMENT OF CLAIMS

### A. CLASSES OF CLAIMS

1. **ADMINISTRATIVE CLAIMS:**
   a. Any unpaid Court filing fees
   b. The Chapter 13 Trustee percentage fee for payment of costs, expenses and compensation
   c. The balance of Debtor'(s) attorney fees and expenses, as allowed and approved by the Court
   d. Any other allowed claim granted administrative status by Court order

2. **PRIORITY CLAIMS:**
   a. Domestic Support Obligations paid through the Plan
   b. All other claims described in 11 USC §507 and listed on Schedule E of the Debtor(s) schedules

3. **SECURED CLAIMS:**
   a. All claims listed on Schedule D of the Debtor(s) schedules, subject to 11 USC §506 regarding value of the collateral securing the claim

4. **UNSECURED CLAIMS:**
   a. All claims listed on Schedule F of the Debtor(s) schedules

### B. PRIORITY OF PAYMENT OF CLAIMS:

1. Unpaid Court filing fees;
2. Chapter 13 Trustee's administrative expenses;
3. Monthly payments on any domestic support obligation entitled to priority under 11 USC §507(a)(1);
4. Attorney fees and expenses;
5. Monthly payments as provided for each secured creditor in the Plan;
6. All other administrative claims ordered by the Court or authorized by the Plan;
7. Pre-confirmation adequate protection payments ordered pursuant to 11 USC §1326(a)(1) provided the payments are to be made through the Plan and there is an order authorizing such pre-confirmation adequate protection payments or as provided by the Plan.
8. Any funds remaining after payments described above shall be paid monthly to secured creditors for which no monthly payment is designated pro-rata with other such secured creditors;
9. Any funds remaining after payments described above shall be paid monthly to other priority claims pro-rata;
10. Any funds remaining after payments described above shall be paid to allowed unsecured claims pro-rata

    In any month that there are insufficient funds available to the Trustee to pay the monthly payments to the Creditors set forth in paragraphs 4 and 5 above, then the Trustee shall make payments on those claims, pro-rata, until the Trustee receives sufficient funds to cure any arrearages in the required monthly payments.

## V. TREATMENT OF CLAIMS AND DISTRIBUTION OF PLAN PAYMENTS

### A. ADMINISTRIATIVE CLAIMS

The Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority pursuant to 11 USC §507.

1. The Trustee shall be paid the percentage fee set forth from time to time by the US Department of Justice, Executive Office of the US Trustee. Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor(s).
2. The attorney for the debtor has received $0.00 of the total estimated attorney fee of $2,600.00. The balance of the attorney's fees and any allowed costs, along with any additional attorney fees and costs as may be approved and allowed by the Court, before or after confirmation of the Plan, are to be paid as an administrative expense.
3. Upon a pre-confirmation dismissal, all pre-confirmation attorney fees and costs shall be disbursed to the attorney from the funds held by the trustee, upon receipt of an Order from the Court allowing said fees and costs.

## B. PRIORITY CLAIMS

All claims entitled to priority under 11 USC §507 and 11 USC §1322 shall be paid in full in deferred cash payments, except for priority claims under 11 USC §507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim. All priority claims, regardless of the underlying basis for the claim, are similarly classed for purposes of distribution under this Plan unless specified otherwise or ordered otherwise by this Court.

### 1. DOMESTIC SUPPORT OBLIGATION (DSO)

a. ☒ None. If None skip this subparagraph.

b. The names(s), and address(es) of the holder of any DSO as defined in 11 USC §101(14A).
   pursuant to 11USC §112, the names of the minor children are not disclosed.

| Name, DSO Claim Holder | Address, City & State | Zip Code |
| --- | --- | --- |
| | | |

c. Debtor(s) shall pay all post-petition DSO claims directly to the holder of the claim through the Montcalm County Friend of the Court and not through the Chapter 13 Plan.

### 2. DOMESTIC SUPPORT OBLIGATION - ARREARAGES OWED UNDER 11 USC §507(A)(1)(A)

a. ☒ None. If None skip this subparagraph.

b. The names(s), and address(es) of the holder of any DSO arrearage claim.
   pursuant to 11USC §112, the names of the minor children are not disclosed.

| Name, Address of DSO Claim Holder | Arrearage Claim | Equal Monthly Amount (EMA) or Pro Rata |
| --- | --- | --- |
| | | |

c. The Domestic Support Obligation Arrears shall be paid from the Chapter 13 Plan payments made to the Trustee as stated above.

### 3. DOMESTIC SUPPORT OBLIGATION - CLAIM ASSIGNED TO OR OWED TO A GOVERNMENTAL UNIT UNDER 11 USC §507(A)(1)(B)

a. ☒ None. If None skip this subparagraph.

b. Debtor(s) shall pay all post-petition DSO claims assigned to a governmental unit directly to the assignee of the claim and not through the Chapter 13 plan.

c. The name(s) and address(es) of the holder of the assigned DSO arrearage claim. The assigned DSO arrearage claim shall be paid as indicated below.

| Name, Address of DSO Claim Holder | Arrearage Claim | Equal Monthly Amount (EMA) or Pro Rata |
| --- | --- | --- |
| | | |

$

**4. PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS**

    a. ☒ None. If None skip this subparagraph.

    b. The name(s) and address(es) of all claims entitled to priority under 11 USC §507, other than DSOs. these claims shall be paid as stated below.

| Name of non-DSO priority creditor | Estimated priority claim | Equal Monthly Amount (EMA) or Pro Rata |
|---|---|---|
| | $ | $ |

    c. Real Estate tax claims shall be paid as secured claims, pro-rata with other secured creditors, subsequent to monthly payments on the Debtor'(s) residence, but together with all remaining secured claims. The Trustee shall also pay interest on the real estate tax claim at the statutory rate.

**C. SECURED CLAIMS**

Pursuant to 11 USC §1325(a)(5)(B), holders of allowed secured claims provided for by the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under non-bankruptcy law or (ii) discharge under 11 USC §1328 and if the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

**1. RESIDENTIAL HOME MORTGAGES**

    a. This section applies *only* to any mortgages securing the primary residence of the Debtor(s). All other long term debts or executory contracts are dealt with in later sections of this Plan.

    b. ☐ None. If None skip this subparagraph.

    c. Residential home mortgages shall be paid as long term debts pursuant to 11 USC§1322(b)(5) and excepted from discharge pursuant to 11 USC §1328(a)(1):

    ☐ Post petition payments are to be made directly by the debtor as the debtor is current on the mortgage obligation

    ☒ Post petition payments are to be made through the Chapter 13 Plan, as stated below, commencing with the first payment due after the date of filing this Chapter 13 Plan. As the regular monthly payment is being made by the Trustee, upon notification by the mortgage Creditor of any payment increase caused by a variable rate change or escrow account modification, the Trustee is authorized to automatically increase the plan payment by an amount sufficient to cover the increased mortgage payment and the additional Trustee fees thereon. The Trustee shall amend any wage order which is authorized to include this increase and the Trustee shall provide notice, in writing, of this increase to the employer, Debtor(s) and Debtor'(s) attorney.

    ☒ The regular monthly payment:
        ☐ does include an escrow for insurance and real estate property taxes
        ☐ does include an escrow for insurance only
        ☐ does include an escrow for real estate property taxes
        ☒ does not include an escrow for insurance and real estate property taxes

| Mortgage Creditor | | Regular Monthly Payment | | Amount to be Paid Monthly Through Plan |
|---|---|---|---|---|
| AmTrust Bank | $ | 495.72 | $ | 495.72 |
| Ocwen Loan Servicing | | lien strip | | lien strip |

d.  Pre petition estimated arrearages will be treated as separate secured claim(s) and the amount of the claim(s) will be paid, pro rata with other secured claimants over a reasonable period of time, during the term of the Plan. The proof of claim filed by the mortgage claimant(s) shall control over the estimated amount of the arrearage provided in the Plan, subject to the right of the Debtor(s) to object to the proof of claim.

| Mortgage Creditor | $ | Estimated Arrearage | $ | Amount to be Paid through Plan |
|---|---|---|---|---|
| Amtrust Bank | | 1,982.88 | | 1,982.88 |
| Ocwen Loan Servicing | | lien strip | | lien strip |

e.  Mortgage claims to be paid in full during the term of the plan through the Chapter 13 Plan.  Pre petition arrearages will not be paid as a separate debt as it should be part of the principal balance which is being paid in full.

| Mortgage Creditor | | Principal Balance | Interest Rate | | | Monthly Payment |
|---|---|---|---|---|---|---|
| | $ | | | % | $ | |

## 2. **OTHER REAL PROPERTY MORTGAGES**

a.  ☒ None. If None skip this subparagraph.

b.  Other Real Property Mortgages shall be paid as long term debts pursuant to 11 USC§1322(b)(5) and excepted from discharge pursuant to 11 USC §1328(a)(1):

☐ Post petition payments are to be made directly by the debtor as the Debtor(s) is current on the mortgage obligation

☐ Post petition payments are to be made through the Chapter 13 Plan, as stated below, commencing with the first payment due after the date of filing this Chapter 13 Plan. As the regular monthly payment is being made by the Trustee, upon notification by the mortgage Creditor of any payment increase caused by a variable rate change or escrow account modification, the Trustee is authorized to automatically increase the plan payment by an amount sufficient to cover the increased mortgage payment and the additional Trustee fees thereon.  The Trustee shall amend any wage order which is authorized to include this increase and the Trustee shall provide notice, in writing, of this increase to the employer, Debtor(s) and Debtor'(s) attorney.

| Mortgage Creditor | | Regular Monthly Payment | | Monthly Payment |
|---|---|---|---|---|
| | $ | | $ | |

c.  Pre petition estimated arrearages will be treated as separate secured claim(s) and the amount of the claim(s) will be paid, pro-rata with other secured claimants over a reasonable period of time, during the term of the Plan. The proof of claim filed by the mortgage claimant(s) shall control over the estimated amount of the arrearage provided in the Plan, subject to the right of the Debtor(s) to object to the proof of claim.

| Mortgage Creditor | Estimated Arrearages | Arrearage Interest Rate | | | Equal Monthly Amount (EMA) or Pro Rata |
|---|---|---|---|---|---|
| | $ | | % | $ | |

d.  Mortgage claims to be paid in full during the term of the plan through the Chapter 13 Plan. Pre petition arrearages will not be paid as a separate debt as it should be part of the principal balance which is being paid in full.

| Mortgage Creditor | Principal Balance | Interest Rate | | Monthly Payment |
|---|---|---|---|---|
| | $ | | % $ | |

3. **CLAIMS TO WHICH §506 VALUATION IS NOT APPLICABLE.**

a. ☒ None.  If None skip this subparagraph.

b.  The holder of such a claim shall retain its lien, until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the discharge under 11 USC §1328 and if the case is dismissed or converted without completion of the plan the lien also shall be retained by such holder to the extent recognized by applicable non-bankruptcy law.

c.  Pre-Confirmation adequate protection payments shall be made pursuant to the Order of the Court. All adequate protection payments to secured creditors required by 11 USC §1326(a)(1) shall be made through the Chapter 13 trustee, unless otherwise ordered, in the amount of the equal monthly amount (EMA) provided in the Plan for that creditor.  Such payments shall be subject to the trustee's percentage fee as set by the designee of the United States Attorney General and shall be made in the ordinary course of the trustee's business, from funds on hand as funds are available for distribution to creditors who have a filed claim.  A creditor shall not receive adequate protection payments if the plan does not provide for such Creditor(s) to be treated as secured in this subparagraph.  In order for such creditor to receive adequate protection payments, the debtor must amend the plan to so specify that creditor's treatment as secured and to provide an equal monthly amount for that creditor or the creditor must file an appropriate motion for adequate protection with the court and obtain an order. Creditors may file objections to the adequate protection treatment provided by the plan.  Each creditors listed below shall receive their adequate protection payments only after a proof of claim is filed by the Creditor(s).

d.  Claims listed in this subparagraph consist of debts secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for that debt consists of any other thing of value, if the debt was incurred within 1 year of filing.

e.  After confirmation of the plan, the trustee will pay to the holder of each allowed secured claim in full Each secured creditor shall be paid the equal monthly payment listed below along with the interest at the rate of 7% APR or the contract rate, whichever is lower. If available from the funds on hand, the Creditor(s) listed below shall be paid an additional pro rata payment along with the equal monthly payment listed below.

| Creditor | Collateral | | Equal Monthly Payment (EMA) |
|---|---|---|---|
| | | $ | |
| MI One Community CU | 2004 Chrysler | | Surrender to creditor |

4. **CLAIMS TO WHICH §506 VALUATION IS APPLICABLE**

a. ☒ None.  If None skip this subparagraph.

b.  The holder of such a claim shall retain its lien, until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the discharge under 11 USC §1328 and if the case is dismissed or converted without completion of the plan the lien also shall be retained by such holder to the extent recognized by applicable non-bankruptcy law.

c. Pre-Confirmation adequate protection payments shall be made pursuant to the Order of the Court. All adequate protection payments to secured creditors required by 11 USC §1326(a)(1) shall be made through the Chapter 13 trustee, unless otherwise ordered, in the amount of the equal monthly amount (EMA) provided in the plan for that creditor. Such payments shall be subject to the trustee's percentage fee as set by the designee of the United States Attorney General and shall be made in the ordinary course of the trustee's business, from funds on hand as funds are available for distribution to creditors who have a filed claim. A creditor shall not receive adequate protection payments if the plan does not provide for such creditor to be treated as secured in this subparagraph. In order for such creditor to receive adequate protection payments, the debtor must amend the plan to so specify that creditor's treatment as secured and to provide an equal monthly amount for that creditor or the creditor must file an appropriate motion for adequate protection with the court and obtain an order. Creditors may file objections to the adequate protection treatment provided by the plan. Each creditors listed below shall receive their adequate protection payments only after a proof of claim is filed by the creditor.

d. Claims listed in this subsection consist of any claims secured by personal property not described in the subparagraph above. The portion of any allowed claim that exceeds the value indicated below will be treated as a non-priority general unsecured claim.

e. After confirmation of the plan, the trustee will pay to the holder of each allowed secured claim to the the fair market value of the underlying collateral as set forth below. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below. The excess of any secured claim over the fair market value of the collateral shall be paid as a general unsecured claim. The interest rate on the secured portion of the claim shall be 7% APR or the contract rate, whichever is lower. If available from the funds on hand, the Creditor(s) listed below shall be paid an additional pro rata payment along with the pro rata payment listed below.

| Creditor | Collateral | Value of Collateral | Estimated Pro Rata Payment |
|---|---|---|---|
| | | $ | $ |

## 5. SECURED CREDITORS SURRENDERING COLLATERAL PURSUANT TO 11 USC §1325(A)(5)(C)

a. ☒ None. If None skip this subparagraph.

b. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless otherwise specified in the this plan. Any repossession and/or foreclosure prior to confirmation of this plan must be obtained by a filed motion and court order, unless the automatic stay no longer applies under 11 USC §362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a motion to lift the stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift, modify or waive any applicable co-debtor stay, or to abrogate debtor's state law contract rights. A secured Creditor whose collateral is surrendered as indicated below and/or is subject to 11 USC §506 must file a non-priority unsecured deficiency claim prior to the claims bar date in order to have an unsecured claim allowed even if the creditor filed a secured and partially unsecured proof of claim prior or subsequent to the surrender of the collateral.

| Creditor | Collateral to be Surrendered |
|---|---|
| MI One Community Credit Union | 2004 Chrysler |

6. **LONG TERM DEBTS PURSUANT TO 11 USC §1322(B)(5) AND EXCEPTED FROM DISCHARGE PURSUANT TO 11 USC §1328(A)(1)**

   a. ☒ None. If None skip this subparagraph.

   b. ☐ Post petition payments are to be made directly by the debtor.

   c. ☐ Post petition payments are to be made through the Chapter 13 plan. Each creditor shall be paid the Regular Monthly Payment and an Equal Monthly Amount (EMA) on arrears or a pro-rata amount on arrears, as stated below.

| Creditor | Regular Monthly Payment | Total Arrearage | Arrearage Interest Rate | Equal Monthly Amount (EMA) on Arrears or Pro Rata on Arrears |
|---|---|---|---|---|
| | $ | $ | % | $ |

7. **PRE PETITION REAL ESTATE TAX CLAIMS**

   a. ☒ None. If None skip this paragraph.

   b. ☐ Pre-petition tax claims shall be paid pro rata, subsequent to monthly payments on the Debtor(s) residence, but together with all remaining secured claims. This Creditor(s) shall retain its lien on the real property pursuant to applicable state statute. This Creditor(s) shall be entitled to receive its statutory interest and collection fees as set forth on its proof of claim.

| Creditor | Amount Owed | Equal Monthly Amount (EMA) on Arrears Or Pro Rata on Arrears |
|---|---|---|
| | | |

8. **REAL ESTATE PROPERTY TAX ESCROW**

   a. ☒ None. If None skip this paragraph.

   b. ☐ The Trustee will escrow $150.00 per month for the payment of future property taxes on the Debtor(s) residence. The escrow funds will be disbursed upon the Trustee's receipt of a real estate tax bill.

9. **RELIEF OR MODIFICATION OF STAY**

   If a secured Creditor(s) obtains relief or modification of the automatic stay at anytime during the proceeding the Trustee shall make no further payments to this Creditor(s), as to the secured claim, after receipt of the Order for Relief from Stay.

10. **COLLATERAL TO BE RETAINED**

   If the collateral for which the Debtor(s) proposes to retain through this Plan is subsequently destroyed by virtue of an accident and such collateral is subject to a secured lien, Debtor(s) may use the insurance proceeds for such collateral to purchase substitute collateral of equal or greater value which will then serve as collateral for the same secured lien that encumbered the previous collateral

**11. SECURED CREDITORS DUTIES**

Confirmation of the Plan shall impose a duty and legal obligation on the holders and/or the servicers of any claims secured by liens and mortgages on residential real property to apply the payments received from the Trustee to the continuing monthly payments and on the pre-petition arrearages, if any, and only to such continuing payments and arrearages. Any violation of this provision shall be deemed a violation of 11 USC §524(i) in the event that the mortgage loan or loans is not serviced in a manner in compliance with this provision of the Plan and to the extent the improper servicing results in improper fees and charges totaling more than $50.00. The Debtor(s) further specifically invokes and intends for this Plan provision to invoke and to reserve to the Debtor(s) the provisions of 11 USC §524(i).

**D. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**1. EXECUTORY CONTRACTS AND UNEXPIRED LEASES WHICH ARE ASSUMED**

a. ☒ None. If None skip this subparagraph.

b. ☐ Post petition payments on executory contracts and unexpired leases shall be paid directly by the debtor as the debtor is current on the obligation

c. ☐ Post petition payments are to be made through the Chapter 13 plan, as stated below, commencing with the first payment due after the date of filing this Chapter 13 plan. Each creditor shall be paid the Regular Monthly Payment and an Equal Monthly Amount (EMA) on the arrears. If the creditor is a land contract vendor and the real estate is the principal residence of the Debtor, upon notification by the land contract vendor of any payment increase caused by a variable rate change or escrow account modification, the trustee is authorized to automatically increase the plan payment and the additional trustee fees thereon. The trustee shall amend any wage order which is authorized to include this increase and the trustee shall provide notice, in writing, of this increase to the employer, debtor and debtor's attorney.

| Creditor | Regular Monthly Payment | Total Arrearage | Arrearage Interest Rate | Equal Monthly Amount (EMA) |
|---|---|---|---|---|
| | $ | $ | % $ | |

**2. EXECUTORY CONTRACTS AND UNEXPIRED LEASES WHICH ARE NOT ASSUMED**

a. ☒ None. If None skip this subparagraph.

b. The following executory contracts and unexpired leases are rejected and the debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless otherwise specified in the this plan. Any repossession and/or foreclosure prior to confirmation of this plan must be obtained by a filed motion and court order, unless the automatic stay no longer applies under 11 USC §362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a motion to lift the stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift, modify or waive any applicable co-debtor stay, or to abrogate debtor's state law contract rights. Any secured claim filed by the below creditors will be deemed satisfied in full and withdrawn through the surrender of the collateral and the Creditor may file an unsecured deficiency claim provided such claim is filed by the bar date for unsecured claims and the claim shall be treated as a non-priority unsecured claim. Any claim filed after the bar date shall be disallowed.

| Creditor | Nature of Executory Contract or Unexpired Lease Rejected |
|---|---|

### E. UNSECURED CREDITORS

**1. GENERAL UNSECURED CREDITORS**

Claims in this class are to be paid from funds available after the dividends to secured and priority creditors and monthly payments to creditors indicated in the classes above. The payment allowed to the general non-priority unsecured claimants will be satisfied by:

a. ☐ Payment of a dividend of 100%

b. ☒ Payment of a pro-rata share of an estimated fixed amount of $2,500.00 set aside for Creditor(s) in this class or a plan term of 36 months, whichever pays more. The estimated amount of $2,500.00 may be less if additional administrative or other priority claims, including additional attorney fees, exceeding the initial attorney fee of $2,600.00, incurred by Debtor(s) are allowed. However, the Creditor(s) of this class shall receive no less than $500.00 to be shared pro-rata.

c. ☐ Payment of a dividend of at least _____% or the amount of the projected disposable income for 36 months, whichever is greater. This amount may be less if additional administrative or other priority claims, including additional attorney fees, exceeding the initial attorney fee of $2,600.00, incurred by Debtor(s) are allowed. However, the Creditor(s) of this class shall receive no less than $500.00 to be shared pro-rata.

d. ☐ Payment of 100% plus post-petition interest (present value) of 4%

e. ☐ Payment of that amount remaining after payment of superior classes as set forth above. This amount may be less if additional administrative or other priority claims, including additional attorney fees, exceeding the initial attorney fee of $2,600.00, incurred by Debtor(s) are allowed. However, the Creditor(s) of this class shall receive no less than $500.00 to be shared pro-rata.

**2. SPECIAL UNSECURED CREDITORS**

Claims in this class may include debts co-signed by an individual other than the Debtor(s), debts for non-sufficient funds (NSF) checks, for continuing professional services or debts that may be non-dischargeable such as students loans or criminal fines:

| Creditor | Reason for Special Treatment | Interest Rate |
|---|---|---|
| | | |

a. ☐ Claims of the above Creditor(s) will be paid and will be disbursed pro-rata with the unsecured Creditor(s) for the first 36 months of the Plan and then paid in full over the remaining term of the Plan.

b. ☐ If the Applicable Commitment Period is 60 months, the special unsecured creditor(s) listed above shall be paid pro rata with the allowed general unsecured creditor(s).

c ☐ The special unsecured claim of _____ shall be paid as follows:

Dated:

/s/Martin Lee Pahl

_____

Martin Lee Pahl                         Debtor

/s/Michelle L. Pahl

_____

Michelle L. Pahl                        Debtor